**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| MARILYN BICKLER, Personal Representative of the Estate OF MICHAEL BICKLER, Deceased,<br><br>           Plaintiff,<br><br>vs.<br><br>HOME DEPOT, U.S.A., INC., a Delaware corporation,<br><br>           Defendant. | No. 03:10-cv-01029-HU<br><br>**MEMORANDUM OPINION & ORDER ON MOTION FOR SUMMARY JUDGMENT** |

_____

Robert D. Dames, Jr.
Pacwest Center
1211 S.W. Fifth Avenue, Suite 1100
Portland, OR 97204

       Attorney for Plaintiff

Joshua S. Baker
Dennis G. Woods
Scheer & Zehnder LLP
720 S.W. Washington, St., Suite 315
Portland, OR 97205

       Attorneys for Defendant

1 - ORDER ON MOTION FOR SUMMARY JUDGMENT

HUBEL, Magistrate Judge:

This matter is before the court on the defendant's motion for summary judgment. The facts of the case are straightforward and undisputed. On August 7, 2008, Michael Bickler was shopping for carpet at a Home Depot store in Hillsboro, Oregon. A store employee was assisting him, answering questions and showing Bickler some carpet samples. Bickler asked the employee if the store had any commercial-grade carpeting. She indicated they did, and directed his attention to some carpet samples above Bickler's eye level. Bickler took a step at about a 45-degree angle, and tripped over one end of a 12-foot-long roll of carpet that was in the aisle. He fell, injuring his shoulder and hip. He brings this action against Home Depot to recover for his injuries, claiming Home Depot was negligent in failing to warn business invitees of the presence of the carpet over which he fell. He claims the carpet in the aisle represented an unreasonable risk of harm to Home Depot's business invitees, including himself, and Home Depot negligently failed to protect him from that harm. *See* Dkt. 17, Amended Complaint.

Bickler originally filed the case in Multnomah County Circuit Court. Home Depot removed the case to this court on the basis of diversity jurisdiction. *See* Dkt. #1. It is well-settled that "[a] federal court sitting in diversity applies the substantive law of the forum state, . . . as it believes the highest court of the state would apply it." *Konecranes, Inc. v. Scott Sinclair*, 340 F. Supp. 2d 1126, 1129-30 (D. Or. Jan. 5, 2004) (Panner, J.) (emphasis, citations omitted); *see Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427, 116 S. Ct. 2211, 2219, 135

2 - ORDER ON MOTION FOR SUMMARY JUDGMENT

L. Ed. 2d 659 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."). Thus, the court will apply Oregon substantive law to the issues raised by the parties.

The parties' arguments evidence their agreement that at the time of the accident, Bickler was a business invitee of Home Depot. *See Cain v. Bovis Lend Lease, Inc.*, ___ F. Supp. 2d ___, 2011 WL 4072028, at *16-17 (D. or. Sept. 13, 2011) ("'A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.'") (quoting *Walsh v. C & K Market, Inc.*, 171 Or. App. 536, 539-40, 16 P.3d 1179, 1181-82 (2000), in turn quoting *Restatement (Second) of Torts* § 332 (1974)).

Oregon law is clear regarding the duty of care owed by the possessor of land to a business invitee. One in possession of premises "not only has the duty to warn [an invitee] of latent dangers, but also has an affirmative duty to protect an invitee against those dangers in the condition of the premises of which he knows or should have known by the exercise of reasonable care." *Rich v. Tite-Knot Pine Mill*, 245 Or. 185, 192, 421 P.2d 370, 374 (1966); *accord Cain, supra*, 2011 WL 4072028, at *17 (citing *Rich*). This standard, however, does not require a store owner to warn its customers of every possible risk of harm on the premises. Rather, liability arises "'only for conditions that create an unreasonable risk of harm to the invitee.'" *Hagler v Coastal Farm Holdings, Inc.*, 244 Or. App. 675, 681, 260 P.3d 764, 767 (2011) (quoting *Glorioso v. Ness*, 191 Or. App. 637, 643, 83 P.3d 914, 916-17 (2004); additional citation omitted). Thus, to paraphrase the

3 - ORDER ON MOTION FOR SUMMARY JUDGMENT

*Hagler* court, the issue in the present case is whether, viewing the record in the light most favorable to Bickler, *see* Fed. R. Civ. P. 56(c)(2); *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010); a reasonable trier of fact could find that the 12-foot roll of carpet in the aisle presented an unreasonable risk of harm to Bickler. *See Hagler*, 244 Or. App. at 681, 260 P.3d at 767; *Andrews v. R.W. Hays Co.*, 166 Or. App. 494, 503, 998 P.2d 774, 779 (2000) ("[P]roperty owners and occupiers of business premises are 'liable to invitees only for conditions that create an unreasonable risk of harm to the invitee.'") (quoting *Jensen v. Kacy's Markets, Inc.*, 91 Or. App. 285, 288, 754 P.2d 624, 625 (1988), in turn citing *Woolston v. Wells*, 297 Or. 548, 558, 687 P.2d 144, 150 (1984)).

"A storekeeper owes to customers the duty to exercise ordinary care to keep the aisles and passageways of his or her establishment in a reasonably safe condition so as not to unnecessarily expose customers to dangers from objects protruding into the aisles." *Gregory v. Kmart Corp.*, No. CV-05-1936-AA, 2007 WL 3408018, at *2 (D. Or. Nov. 15, 2007) (Aiken, J.) (citing *Bryant v. Sherm's Thunderbird Market*, 268 Or. 591, 596, 522 P.2d 1383, 1386 (1974); *Miller v. Safeway Stores, Inc.*, 219 Or. 139, 153, 246 P.2d 647, 649-50 (1959)).  A storekeeper is not liable "for injury to a customer resulting from a danger which is open and obvious." *Gregory*, 2007 WL 3408018, at *2 (citing 40 A.L.R. 5th 135).  A hazard is "open and obvious" if the customer knew or should have known of the hazard and appreciated the danger caused by it. *Id.*

However, "when merchandising methods compel the attention of the customer away from careful lookout to the floor, the proprietor

4 - ORDER ON MOTION FOR SUMMARY JUDGMENT

of the store owes a greater duty to protect the movement of the customers' feet." *Miller v. Safeway Stores, Inc.*, 219 Or. 139, 153-54, 346 P.2d 647, 650 (1959) (citation omitted). The facts in the present case indicate Bickler was in the carpet department for five to ten minutes before he fell. Dkt. #24-1, Depo. of Michael Jon Bickler dated April 20, 2011, p. 19. At the time of the fall, his attention had been directed by a Home Depot employee to carpet samples at or above his eye level, requiring him to look upward. Drawing all justifiable inferences in Bickler's favor, I find it is possible that a jury reasonably could render a verdict in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986) (inquiry on summary judgment essentially is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law").

Accordingly, Home Depot's motion for summary judgment is **denied**.

IT IS SO ORDERED.

Dated this 7th day of December, 2011.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
Unites States Magistrate Judge

5 - ORDER ON MOTION FOR SUMMARY JUDGMENT